SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR -6 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| SOUTHWEST MISSISSIPPI REGIONAL MEDICAL CENTER | PLAINTIFF |
| VS. | CAUSE NO. 5:16cv28DCB-MTP |
| PST SERVICES INC. F/K/A AS PER-SE TECHNOLOGIES, INC.; MCKESSON TECHNOLOGIES, AS PARENT COMPANY OF PST SERVICES, INC.; JOHN DOE CORPORATIONS 1-15; JOHN DOE INDIVIDUALS 1-15 | DEFENDANTS |

## JURY TRIAL DEMANDED
## COMPLAINT

Southwest Mississippi Regional Medical Center ("SMRMC") files its Complaint against PST Services Inc. f/k/a as Per-Se Technologies, Inc. ("PST"); McKesson Technologies, as parent company of PST Services, Inc. ("McKesson"); John Doe Corporations 1-15 and John Doe Individuals 1-15 (collectively "Defendants").

## PARTIES

1. SMRMC is a public non-profit community hospital organized and existing under the laws of Mississippi with its principal place of business located in Pike County, Mississippi.

2. McKesson is a Delaware corporation with its principal place of business in Georgia. McKesson purchased and merged with PST Services Inc. f/k/a Per-Se Technologies, Inc.

3. PST Services Inc., f/k/a as Per-Se Technologies, Inc. is a McKesson corporation with its principal place of business in Georgia. It is engaged in the business of medical billing, collection services and technology for hospitals and medical professionals.

1989213

4. Defendants McKesson and PST may be served with process through their duly registered agent for process, CSC of Rankin County Inc., whose address is 2829 Lakeland Drive, Suite 1502, Jackson, MS 39232.

5. John Doe Corporations 1-15 and/or John Doe Individuals 1-15 are persons or corporate entities who have, together or separately, injured SMRMC through the omission of facts, fraudulent concealment, conspiratory activities, or otherwise yet whose identity is currently unknown to SMRMC.

## JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Complete diversity among the parties exists and the amount in controversy exceeds $75,000.

## VENUE

7. Venue is proper in this Court as it is where a substantial alleged act or omission occurred or where a substantial event that caused injury occurred.

## FACTS

8. SMRMC operates an integrated healthcare delivery system that provides comprehensive patient care through its 160 bed hospital in McComb, its Cancer and Cardiovascular Institutes, its home health service plus nine other clinics as well as the Lawrence County Hospital in Monticello, Mississippi.

9. As part of its daily operation, SMRMC is heavily reliant on its Hospital Information System and related infrastructure to perform a number of services related to the treatment and care of SMRMC's patients.

10. SMRMC relies on its Hospital Information System to process all aspects of patient treatment as well as patient billing and collection of accounts receivable ("A/R").

11. In 2004, SMRMC entered into a contract with McKesson Technologies Inc. ("McKesson") through which McKesson was to deliver a hospital information system that met all of SMRMC's Information Technologies ("IT") needs and functions.

12. SMRMC has relied on McKesson's system, technology and services to meet its hospital information system needs since 2004.

13. In early 2012, McKesson representatives informed SMRMC that it should consider moving away from the substantially built-out "Horizon" system McKesson sold to SMRMC in 2010 to a newer system, the "Paragon" system, because the Paragon system had greater capacity and would not require upgrades/updates as often as the Horizon system, and that Horizon would be "sunset" in 2015.

14. In January of 2012, McKesson representatives informed SMRMC that the Horizon system updates/upgrades would cost SMRMC $7,000,000 more than the Paragon system would going forward.

15. In connection with McKesson's representations about the Paragon system's capacities, McKesson also represented to SMRMC management that SMRMC's existing STAR system, which contains electronic data used by SMRMC to collect A/R from both patients and third party payers, could be converted into the Paragon system.

16. Relying on McKesson's representations about the Paragon system's expanded capacity for converting the STAR system, SMRMC contracted with McKesson for such system and related services on February 28, 2012.

17. A few months after SMRMC agreed to purchase the Paragon system to replace its Horizon system, McKesson informed SMRMC that, despite prior claims, it could not convert the STAR system to the Paragon system, but that McKesson would bring in a sister company, PST

Services, Inc. or "Per-Se," to collect the A/R that remained in the STAR system. SMRMC was assured that PST/Per-Se would collect at least 30% of the A/R residing in the STAR system.

18. SMRMC and PST entered into a contract on March 1, 2013, in which PST/Per-Se was to act as the "sole provider" in performing a number of specific tasks in accordance with industry practices for the purpose of collecting the A/R in the STAR system from which it would be paid 3.75% of gross collections received. *See* Exhibit "1" to Complaint[1].

19. PST expressly agreed to perform services it contracted for in accordance with industry practices, all applicable laws, all applicable rules, and all applicable regulations including third-party payers. *See* Ex. 1.

20. PST/Per-Se wholly failed to comply with its material obligations under the March 1, 2013, contract, and PST's failure to take all necessary and contractually required actions caused SMRMC to forfeit substantial amounts of otherwise collectible A/R due to time limits imposed by both public and private payers. PST/Per-Se also violated the anti-assignment provision of this same contract by delegating substantial performance obligations to two other entities, Omega Healthcare Management Services Pvt. Ltd. and Elite Staffing Inc., without SMRMC's consent or knowledge.

21. SMRMC has suffered damages because of its reliance on PST/Per-Se's representations including but not limited to, losses caused by PST/Per-Se's failure to collect otherwise collectible A/R revenue, impairment of SMRMC's credit rating and additional loan interests costs caused by the absence of otherwise collectible A/R revenue from the STAR system and other related costs.

---

[1] Although Exhibit 1 is unsigned, there is no dispute as to the parties' agreement or the services performed and compensation paid pursuant thereto. On February 26, 2013, the agreement was approved by the Board of Southwest Mississippi Regional Medical Center and spread upon the meeting minutes.

22. To date, SMRMC has been able to identify losses of accounts receivable collections related to selected payees with placement dates under the contract effective February 28, 2013, in the amount of $19,966,668.00. However, this amount may increase as the facts become known and discovery is conducted.

23. SMRMC incurred a loss of cash flow related to financing costs and inability to secure long term financing arrangements of at least $8,250,623.00.

24. SMRMC's losses, some or all, are continuing in nature.

25. SMRMC has incurred harm to its reputation and goodwill such that it has suffered losses to its business reputation and value of its goodwill. SMRMC's most senior executives and officers have been forced to spend a disproportionate amount of time repairing, assessing, communicating, and otherwise working on the problems related to PST/Per-Se's deficient collections which Defendants knew about, caused and/or concealed from SMRMC. SMRMC has been forced to rebuild its collection system, image and reputation both externally and internally due to Defendants' collective and separate actions and inactions.

### COUNT 1: BREACH OF EXPRESS WARRANTIES AGAINST MCKESSON AND PST/PER-SE

26. SMRMC incorporates by reference the previous allegations in this Complaint.

27. The Defendants representations of material fact and omissions of material fact were relied on by SMRMC and were the proximate cause of damages.

### COUNT 2: CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

28. SMRMC incorporates by reference the previous allegations in this Complaint.

29. Defendants, individually and as agents of one another and as co-conspirators, agreed and conspired among themselves to injure the SMRMC. Defendants, individually and as agents of one another and as co-conspirators, agreed to deliberately mislead SMRMC to induce SMRMC to purchase their product(s) or services and/or rely upon their misrepresentations and

falsified/altered information, thereby obtaining direct financial benefit from the conspiracy. This false, misleading and fraudulent information was given with the sole intent on increasing sales of Defendants' products and services at the substantial risk to SMRMC and its customers.

30. SMRMC further alleges that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves to deprive SMRMC of the opportunity of informed free choice as to whether to use said products or services.

31. Defendant McKesson as parent company of PST/Per-Se knew or should have known that PST/Per-Se would not be capable of fulfilling its duties being offered and proposed by McKesson, as its parent company. PST/Per-Se, as a subsidiary of McKesson, was aware of the claims and assertions made by its parent company and knew of the falsity of same.

32. Because of the joint actions of McKesson, as parent company of PST/Per-Se, and PST/Per-Se, as subsidiary of McKesson, SMRMC purchased the conspirators products and services and such purchase resulted in injury to the Plaintiff.

33. SMRMC reasonably and in good faith relied upon the false and fraudulent representations, omissions, and concealments made by Defendants regarding their products and services. As a direct and proximate result of SMRMC's reliance, SMRMC sustained damages.

34. Defendants are liable as co-conspirators in actively making and/or supporting fraud, misrepresentations, intentional omissions and misinformation to SMRMC. SMRMC's damages were proximately caused by Defendants civil conspiracy.

### COUNT 3: ACTING IN CONCERT AGAINST ALL DEFENDANTS

35. SMRMC incorporates by reference the previous allegations in this Complaint.

36. Additionally and/or alternatively, Defendants aided and abetted each other in their conduct. Pursuant to the Restatement (Second) of Torts Section 876, each of the Defendants is liable for the conduct of the other Defendants for whom they aided and abetted.

### COUNT 4: GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

37. SMRMC incorporates by reference the previous allegations in this Complaint.

38. Defendants' conduct was in conscious disregard for the rights, safety and welfare of SMRMC, SMRMC's customers, and SMRMC's property. Defendants acted with willful and wanton disregard for SMRMC, its customers and SMRMC's property such that Defendants' conduct constitutes gross negligence. Defendants' gross negligence is a proximate cause of SMRMC's injuries. Defendants are liable for exemplary and punitive damages.

### COUNT 5: BREACH OF CONTRACT AGAINST PST/PER-SE

39. SMRMC incorporates by reference the previous allegations in this Complaint.

40. PST/Per-Se agreed to perform a number of specific tasks identified in its March 1, 2013 contract with SMRMC in accordance with industry practices for the purpose of collecting the A/R in the STAR system from which PST/Per-Se would be paid 3.75% of gross collections received. *See* Complaint Exhibit "1."

41. PST/Per-Se represented that it would be the "sole provider" of "all the services" identified in the contract's "Statement of Work" and represented that it would not assign its duties under the contract to any third parties without first obtaining SMRMC's written consent. *See* Complaint Exhibit "1." In violation of these express terms, PST/Per-Se assigned substantial performance duties for which it was to be the "sole provider" to two different entities, Omega Healthcare Management Services Pvt. Ltd. and Elite Staffing Inc., without obtaining SMRMC's written consent to do so.

42. PST/Per-Se breached its contractual duties to perform the services it was obligated to perform in its March 1, 2013, contract with SMRMC whereas SMRMC met all of its duties to PST/Per-Se under this same contract.

43. SMRMC has suffered damages because of PST's/Per-Se's breach of its contractual duties, including but not limited to, lost opportunity to collect otherwise collectible A/R due to time limits imposed by both public and private payers, the negligent hiring of outside companies for collections work, the impairment of SMRMC's credit rating and additional loan interests costs caused by the absence of otherwise collectible A/R from the STAR system and other related costs.

## COUNT 6: NEGLIGENT FAILURE TO PERFORM CONTRACTUAL DUTIES AGAINST PST/PER-SE

44. SMRMC incorporates by reference the previous allegations in this Complaint.

45. Under Mississippi common law, PST/Per-Se had a duty to exercise reasonable care in performing the work required under its contract with SMRMC.

46. PST/Per-Se breached this duty of care by failing to pursue collection of A/R in the STAR account in a good and workmanlike manner.

47. PST/Per-Se's breach of this duty of care has caused SMRMC to suffer damages, including but not limited to, the lost opportunity to collect otherwise collectible A/R due to time limits imposed by both public and private payers, the impairment of SMRMC's credit rating and additional loan interests costs caused by the absence of otherwise collectible A/R from the STAR system and other related costs.

## COUNT 7: TORTIOUS BREACH OF CONTRACT AGAINST PST/PER-SE

48. SMRMC incorporates by reference the previous allegations in this Complaint.

49. PST/Per-Se agreed to perform a number of specific tasks identified in its March 1, 2013, contract with SMRMC in accordance with industry practices for the purpose of collecting

the A/R in the STAR system from which PST/Per-Se would be paid 3.75% of gross collections received. *See* Complaint Exhibit "1."

50. PST/Per-Se agreed to be the "sole provider" of "all the services" identified in the Statement of Work to the contract, and it agreed to first obtain SMRMC's written consent to any assignment of its duties under the contract. PST/Per-Se assigned substantial and material duties of performance to two other entities, Omega Healthcare Management Services Pvt. Ltd. and Elite Staffing Inc., without SMRMC's written consent.

51. PST/Per-Se has acted intentionally and/or with gross negligence in breaching its contractual obligations to SMRMC.

52. SMRMC has suffered damages because of PST's/Per-Se's tortious breach of its contractual duties, including but not limited to, lost opportunity to collect otherwise collectible A/R due to time limits imposed by both public and private payers, by the assignment of non-delegated services to outside vendors, the impairment of SMRMC's credit rating and additional loan interests costs caused by the absence of otherwise collectible A/R from the STAR system and other related costs.

## COUNT 8: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST PST/PER-SE

53. SMRMC incorporates by reference the previous allegations in this Complaint.

54. By operation of Mississippi common law, PST's/Per-Se contract with SMRMC had an implied covenant of good faith and fair dealing that required PST/Per-Se to exercise good faith efforts to meet the expectations that SMRMC rightfully had with respect to PST's/Per-Se's efforts to collect the A/R in the STAR system.

55. PST/Per-Se breached this implied covenant of good faith and fair dealing because it failed to exercise good faith efforts to collect the A/R in the STAR system consistent with SMRMC's justified expectations.

56. PST's/Per-Se's breach caused SMRMC to suffer damages including but not limited to, the lost opportunity to collect otherwise collectible A/R due to time limits imposed by both public and private payers, the impairment of SMRMC's credit rating and additional loan interests costs caused by the absence of otherwise collectible A/R from the STAR system and other related costs.

### COUNT 9: NEGLIGENT MISREPRESENTATION AGAINST PST/PER-SE

57. SMRMC incorporates by reference the previous allegations in this Complaint.

58. PST's/Per-Se's employees negligently misrepresented to SMRMC that it had the capability and expertise to collect the A/R in the STAR system at the same rate and in the same amounts as SMRMC was collecting even though PST's/Per-Se's employees had no present intent to take the action necessary to ensure that it collected such amounts.

59. SMRMC reasonably relied on PST's/Per-Se's representations about its ability to collect such amounts of A/R in the STAR system, and in reliance thereon, agreed to hire PST/Per-Se to perform those services.

60. SMRMC has suffered damages because of its reliance on PST's/Per-Se's representations, including but not limited to, the lost opportunity to collect otherwise collectible A/R due to time limits imposed by both public and private payers, the impairment of SMRMC's credit rating and additional loan interests costs caused by the absence of otherwise collectible A/R from the STAR system and other related costs.

### COUNT 10: INTENTIONAL MISREPRESENTATION, FRAUD AND FRAUDULENT INDUCEMENT AGAINST PST/PER-SE

61. SMRMC incorporates by reference the previous allegations in this Complaint.

62. PST's/Per-Se's employees intentionally misrepresented to SMRMC that it had the capability and expertise to collect the A/R in the STAR system at the same rate and in the same

amounts as SMRMC was collecting even though PST's/Per-Se employees had no present intent to take the action necessary to ensure that it collected such amounts.

63. SMRMC reasonably relied on PST's/Per-Se representations about its ability to collect such amounts of A/R in the STAR system, and in reliance thereon, agreed to hire PST/Per-Se to perform those services.

64. SMRMC has suffered damages because of its reliance on PST's/Per-Se's representations, including but not limited to, the lost opportunity to collect otherwise collectible A/R due to time limits imposed by both public and private payers, the impairment of SMRMC's credit rating and additional loan interests costs caused by the absence of otherwise collectible A/R from the STAR system and other related costs.

### COUNT 11: NEGLIGENT TRAINING AND SUPERVISION AGAINST PST/PER-SE

65. SMRMC incorporates by reference the previous allegations in this Complaint.

66. PST/Per-Se owed SMRMC a duty to exercise reasonable care to provide the necessary training and supervision required to collect the A/R in the STAR system.

67. PST/Per-Se breached its duty to exercise reasonable care in providing the necessary training and supervision that would enable its employees to collect the A/R in the STAR system.

68. PST's/Per-Se breach of this duty, caused SMRMC to suffer damages, including but not limited to, the lost opportunity to collect otherwise collectible A/R due to time limits imposed by both public and private payers, the impairment of SMRMC's credit rating and additional loan interests costs caused by the absence of otherwise collectible A/R from the STAR system and other related costs.

### COUNT 12: BREACH OF EXPRESS WARRANTIES AGAINST PST/PER-SE

69. SMRMC incorporates by reference the previous allegations in this Complaint.

70. PST/Per-Se agreed to perform a number of specific tasks identified in its March 1, 2013, contract with SMRMC. Therein, PST/Per-Se made certain representations and warranties as to the quality, character, comprehensive nature, scope, and results of their work. These representations which SMRMC relied upon were untrue and are the proximate cause of the injuries suffered by SMRMC.

71. PST/Per-Se represented that it would be the "sole provider" of "all the services" identified in the contract's "Statement of Work" and represented that it would not assign its duties under the contract to any third parties without first obtaining SMRMC's written consent. These representations were untrue.

72. The Defendants representations of material fact were relied on by SMRMC and were the proximate cause of damages.

## DISCOVERY RULE

Due to the fraudulent and deceptive acts of the Defendants, Plaintiff was unable to discover the wrongs perpetuated by the Defendants independently, jointly or in concert such that Plaintiff pleads the discovery rule tolled any and all statute of limitations for the actions pled in the foregoing paragraphs.

## PRAYER FOR RELIEF

SMRMC requests that the Court provide the following relief:

1. A finding that PST Services Inc. f/k/a as Per-Se Technologies, Inc.; McKesson Technologies, as parent company of PST Services, Inc.; John Doe Corporations 1-15 and John Doe Individuals 1-15, have breached their respective contractual and other obligations to SMRMC;

2. Award SMRMC any and all relief to which it may be entitled, including but not limited to:

(a) compensatory damages in an amount to be determined by the jury based upon the damages outlined in the foregoing paragraphs as well as any other proof shown at trial of this matter;

(b) pre and post-judgment interest;

(c) attorney's fees;

(d) punitive damages;

(e) all costs permitted by Rule 54(d); and

(f) such other relief SMRMC may be entitled.

SMRMC respectfully requests the above damages be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate it but not less than $28,217,291.00.

Respectfully submitted, this the 6th day of April, 2016.

*SOUTHWEST MISSISSIPPI REGIONAL MEDICAL CENTER*

BY: *[signature]*
Armin J. Moeller, Jr., MSB#3399
Ashley Eley Cannady, MSB#101253
Balch & Bingham LLP
188 E. Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
amoeller@balch.com
acannady@balch.com